# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR AVILA-CERVANTES,<br><br>            Defendant-Movant,<br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>            Plaintiff-Respondent. | CIV. CASE NO. 12cv2415-BTM<br>CRIM CASE NO. 12cr2462-BTM<br><br>**ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |

     Salvador Avila-Cervantes ("Defendant"), a federal inmate proceeding pro se, has filed a motion for sentence reduction pursuant to 28 U.S.C. § 2255. (Def. Mot. 2, ECF No. 27.) Defendant asks the Court to reduce his sentence based on the fact that as a deportable alien, he is ineligible for (1) housing in a minimum security facility or community confinement or (2) a one-year sentence reduction through a drug program and/or early release to a halfway house. Defendant also contends his ineligibility as a deportable alien violates his right to due process and equal protection of the law. For the reasons discussed below, Defendant's § 2255 motion is **DENIED**.

//
//

## I. BACKGROUND

In an Information filed on June 21, 2012, Defendant was charged with violating 8 U.S.C. § 1326(a) and (b), attempted reentry of a removed alien. Defendant waived indictment and subsequently pled guilty pursuant to a Plea Agreement. As part of the Plea Agreement, Defendant acknowledged that sentencing was in the sole discretion of the judge. (Plea Agreement 7, ECF No. 18.) Defendant also agreed to an order of removal from the United States upon serving his imposed sentence and waived his right to appeal or collaterally attack the conviction or sentence. (Id. at 10.) The Government recommended a sentencing guideline range of six to twelve months. (ECF No. 23.) On October 4, 2012, the Court sentenced Defendant to an eight-month term of imprisonment and two-year term of supervised release. (ECF No. 26.)

## II. DISCUSSION

Defendant argues for sentence reduction based on the fact that he is ineligible for (1) housing in a minimum security facility or community confinement or (2) a one-year sentence reduction through a drug program and/or early release to a halfway house. Defendant further contends that his ineligibility as a deportable alien violates his right to due process and equal protections under the law. Defendant's claim, however, fails for two reasons. First, Defendant waived his right to collaterally attack his sentence under the Plea Agreement. Second, even assuming Defendant did not waive his right to attack his sentence, his equal protections claim fails on the merits.

A.   Waiver

Defendant argues for sentence reduction, but Defendant waived his right to collaterally attack his sentence. "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011) (citing United States v. Jeronimo, 398 F.3d

1149, 1153 (9th Cir. 2005)).  The Ninth Circuit has also recognized that a waiver barring collateral attack of a conviction or sentence is enforceable when voluntarily made.  See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).  Here, Defendant entered a Plea Agreement, filed on August 23, 2012, that expressly waived his right to collaterally attack his sentence:

> Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing.

(Plea Agreement 10.)  Defendant has not alleged a claim of ineffective assistance of counsel, and the Court imposed a sentence of eight months, which is well within the Government's recommended guideline range of six to twelve months.  Thus, the language of the waiver encompasses the grounds raised in the instant motion.  Defendant has not alleged, and there is nothing in the record to indicate, that his waiver was not knowingly and voluntarily made.  Because Defendant waived his right to collaterally attack his sentence, the Court denies Defendant's motion.[1]

B.   Merits of Equal Protection Claim

Even assuming Defendant did not waive his right to collaterally attack his sentence, his equal protections claim fails on the merits.  The Equal Protections Clause applies to aliens who are present in the United States unlawfully.  Plyler v. Doe, 457 U.S. 202, 210 (1982).  To state a claim for an equal protections violation, however, Defendant must allege that he was treated differently from other similarly situated persons.  See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  Unless a suspect classification is present, the unequal treatment must only be "rationally related to a

---

[1] The Court notes that even without a waiver, Defendant's status as a deportable alien is not grounds for a downward departure for a § 1326 violation.  See United States v. Martinez-Ramos, 184 F.3d 1055, 1058 (9th Cir. 1999) (holding that "departure on account of deportable status for aliens convicted of § 1326 offenses fits squarely within Koon 's perimeters and is proscribed").

3

12cv2415; 12cr2462

legitimate state interest." Id. at 440.  Illegal aliens are not a suspect classification, Plyler, 457 U.S. at 223, and therefore rational basis scrutiny applies, which "accords a strong presumption of validity." McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) cert. denied, 528 U.S. 1086 (2000).

The policy of excluding deportable aliens from participating in community-based treatment programs, and consequently from being eligible for sentence reductions upon competition of the programs, survives rational basis scrutiny.  See McLean, 173 F.3d at 1186 (holding that "excluding prisoners with [Immigration and Naturalization] detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs").  Deportable aliens "pose a flight risk during the community-based treatment phase because they are subject to possible deportation upon release from custody, and therefore have reason to flee a halfway house." Id. at 1184.  Prisoners without detainers, such as United States citizens, however, "have more incentive to complete the community requirement because upon its completion they will likely qualify for sentence reduction and be permitted to rejoin their communities." See id. at 1184.  Thus, deportable aliens are not "similarly situated" to United States citizens regarding eligibility for community-based or early release programs.  See, e.g., Patterson-Romo v. United States, No. 10-3119, 2012 WL 4754962, at *2 (S.D. Cal. June 7, 2012); United States v. Roman-Gutierrez, No. 12-1422, 2012 WL 4754962, at *2 (S.D. Cal. Oct. 4, 2012); United States v. Nguyen, No. 97-152-05, 2000 WL 1133055 (D. Or. Aug. 10, 2000) ("the Ninth Circuit has unequivocally held that the denial of such benefits to deportable aliens pursuant to immigration detainers does not violate the Constitution"); Santos v. United States, 940 F. Supp. 275, 281 (D. Haw. 1996) ("one's status as a deportable alien, which may result in ineligibility for less restrictive terms of confinement, nevertheless cannot justify a downward departure").  Therefore, there is no equal protections violation, and Defendant's claim fails on the merits.

C. <u>Merits of Due Process Claim</u>

To the extent Defendant raises a separate due process claim, the claim is also denied. The Ninth Circuit has held that a prisoner does not have a recognized liberty interest in sentence reduction. <u>See</u> <u>Jacks v. Crabtree</u>, 114 F.3d 983, 986 n.4 (9th Cir. 1997) ("[D]enial of the one year reduction doesn't impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. In fact, denial merely means that the inmate will have to serve out his sentence as expected.") (internal citations and quotation marks omitted). Accordingly, Defendant has not stated a claim for a due process violation, and therefore his claim is denied.

### III. <u>CONCLUSION</u>

Defendant's collateral attack to reduce his sentence is barred by a valid waiver, and Defendant's equal protections and due process claims fail on the merits. Therefore, the Court **DENIES** Defendant's motion for sentence reduction under 28 U.S.C. § 2255 and **DENIES** a certificate of appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: October 29, 2012

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge